UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BORISLAV CUCKOVIC,

    Plaintiff,

    v.       CAUSE NO. 3:20-CV-815-JD-MGG

RANDOLPH, et al.,

    Defendants.

OPINION AND ORDER

Borislav Cuckovic, a prisoner without a lawyer, filed a complaint alleging that he received untimely and inadequate dental care at Westville Correctional Facility. A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief.

Cuckovic alleges as follows: On August 15, 2019, he developed a painful toothache. He filled out a medical request, and Ms. Coros, the dental assistant, added his name to a waiting list to be seen. On September 13, 2019, he developed pain in another tooth. He filed another request, and Coros responded that he was "already on the [] list." ECF 1, ¶ 22-25.

On November 3, 2019, he filed a third medical request, indicating that his condition was getting worse: "I've had an infection in my tooth for some time now . . . every night I can't breathe out of my nostrils. I would like to make sure it's not any dental issue causing that." ECF 1-2 at 3. On February 16, 2020, he filed a fourth: "As the days pass I'm in more pain. . . . I can't wait anymore, I'm in pain, been in pain, please see me, it's urgent." *Id*. at 4.

On February 20, 2020, he was seen in a sick call, although not by a dentist. *Id*. The examining nurse, Ms. Craft, would not give him over-the-counter pain relief and did not diagnose or assess his tooth pain. ECF 1, ¶ 29. On March 30, 2020, he made another medical request for his dental problems, and Coros again responded "you are already on the list." ECF 1-2 at 5. It is not clear when Cuckovic was finally seen by a dentist[1], but he alleges that because of the delay, he suffered an abscessed tooth that is no longer restorable. ECF 1, ¶ 45.

## I. COUNT ONE

Cuckovic pleads three counts. In Count One, he alleges that Wexford of Indiana, LLC, maintained a practice of providing inadequate dental care. A private company performing a state function can be held liable to the same extent as a municipal entity under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). *Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012). Corporate liability exists "when execution

---

[1] In a prison grievance filed on March 18, 2020, Cuckovic said he "got seen by dental a few months ago." ECF 1-2 at 9. It is not clear whether that visit related to the problems he developed in August and September 2019. The prison's responses to his requests and grievances generally indicate that he was not seen by a dentist for those issues until April 2020 at the earliest. *See* ECF 1-2.

2

of a [corporation's] policy or custom . . . inflicts the injury." *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005).

Cuckovic claims he waited so long to be seen by a dentist because of Wexford's "scheduling and staffing deficiencies." Specifically, he alleges Wexford employed too few dentists at the clinic, and only one person to review dental requests. However, his complaint does not raise a reasonable inference that this was why he was not seen sooner. Since Coros did respond to his requests, it is not clear how more staff reviewing the requests would have gotten him a quicker appointment. His complaint does not indicate that no dentist was available at the clinic; rather, his allegations suggest that he waited so long because the dental staff declined to prioritize his urgent complaints.

Cuckovic also seeks to proceed against Warden John Galipeau, and Randolph, the IDOC's grievance specialist. However, the complaint does not support an inference that they were personally involved with his dental care.[2] *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018) ("[T]o be liable under section 1983, [a defendant] must be personally responsible for the alleged deprivation of the plaintiff's constitutional rights.").

## II. COUNT TWO

In Count Two, Cuckovic seeks to proceed against six defendants he alleges were responsible for enforcing policies that led to his untimely dental care: Galipeau, Mr. Cornett, John Harvil, G. Lewis, Dave Leonard, and Dorthy Livers.

---

[2] Cuckovic alleges that around the time of his February 20, 2020 sick call, Galipeau, among others, "intentionally fail[ed] to coordinate" transportation to the Westville dental clinic. ECF 1, ¶ 30. However, nothing in the complaint supports an inference that a lack of transportation was the reason Cuckovic did not see the dentist.

Livers, Harvil, and Leonard are alleged to be responsible because they denied his prison grievances. *See* ECF 1, ¶ 31-34. However, an allegation that prison grievances were not properly considered does not state an independent claim. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of [a prisoner's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim.").

The other defendants were not sufficiently involved with Cuckovic's care to be proper defendants. Lewis is alleged to be responsible for coordinating inmate transportation to medical appointments, but there is no allegation that he specifically denied Cuckovic transportation, or that this was why he did not see the dentist. Cornett was allegedly "assigned to enforce IDOC's [health care directives]," but there is no indication he was involved in Cuckovic's care. Galipeau is the warden at Westville, but there is no allegation he was directly involved with Cuckovic. Cuckovic's allegations that these people were generally aware of delays in medical care, and were informed about his efforts to see a dentist, do not make them proper defendants:

> Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job. . . . [The] view that everyone who knows about a prisoner's problem must pay damages implies that [a prisoner] could write letters to the Governor [. . .] and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients . . . That can't be right.

*Burks v. Raemisch*, 555 F.3d 592, 593 (7th Cir. 2009).

4

### III. COUNT THREE

In Count Three, Cuckovic seeks to proceed against six medical professionals for denying him medical care. A medical professional can be held liable for deliberate indifference to an inmate's medical needs if their decision represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). However,

> medical professionals are not required to provide proper medical treatment to prisoners, but rather they must provide medical treatment that reflects professional judgment, practice, or standards. There is not one proper way to practice medicine in a prison, but rather a range of acceptable courses based on prevailing standards in the field. The Constitution is not a medical code that mandates specific medical treatment.

*Id.* (quotation marks, citations, parenthesis, and brackets omitted). "[A] disagreement with medical professionals . . . does not state a cognizable Eighth Amendment claim." *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003). Courts "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019) (quotation marks and citation omitted).

The complaint states an Eighth Amendment claim against Coros, the nurse[3] who addressed several of his medical requests. Although Cuckovic's initial requests did not

---

[3] Although Coros herself never treated Cuckovic, the court analyzes the claim against Coros using the standard for medical professionals, not laypersons, because Cuckovic alleges she was a "dental

indicate a need for urgent attention, his February 16 request (his fourth) clearly did: "As the days pass I'm in more pain. . . . I can't wait anymore, I'm in pain, been in pain, please see me, it's urgent." ECF 1-1 at 4. Cuckovic then filed another request indicating that the February 20 sick call had not addressed his dental pain; Coros responded to this by telling him he was "already on the list." *Id*. at 5. The complaint plausibly alleges that Coros's responses to his complaints of severe pain were not consistent with those of a "minimally competent professional."

He has also stated a claim against Craft, the nurse who saw him at the February 20 sick call. His complaint supports a plausible inference that the sick call was a response to his February 16 complaint of urgent pain, and that Craft was aware of that pain, whether through the written complaint itself or her interaction with Cuckovic. On these facts, Craft's alleged refusal to provide pain relief or assess his dental pain was not consistent with the judgment of a competent professional.

However, Cuckovic has not stated a claim against any other medical professional. He alleges that Dr. Pearcy, a dentist at Westville, offered him inadequate medical care by "failing to treat [him] promptly," but there is no allegation that Dr. Pearcy treated Cuckovic or was aware of the content of Cuckovic's medical requests. Cuckovic also sues Mr. Francis, Ms. Allen, and Mr. Perdue, nurses who allegedly made medication rounds at the prison. He alleges they "failed to adequately monitor" his condition during their rounds, and told him they did not handle dental complaints.

---

assistant . . . assigned to provide me dental care" in part by responding to his medical requests. ECF 1, ¶ 14, 28.

However, there is no allegation that they had reason to monitor or examine Cuckovic, or that they withheld medication prescribed for him. The fact that they were making medication rounds does not mean that they departed from professional standards by not offering him medication.

For these reasons, the court:

(1) GRANTS Borislav Cuckovic leave to proceed against Ms. Coros in her individual capacity, for compensatory and punitive damages for failing to provide him constitutionally adequate dental care between August 15, 2019, and April 15, 2020;

(2) GRANTS Borislav Cuckovic leave to proceed against Ms. Craft in her individual capacity, for compensatory and punitive damages for failing to provide him constitutionally adequate care during the February 20, 2020, sick call;

(3) DISMISSES all other claims;

(4) DISMISSES Randolph, John Galipeau, Dave Leonard, Cornett, John Harvil, G. Lewis, Wexford of Indiana LLC, Jeff Pearcy, Dorthy Livers, Perdue, Allen, and Francis;

(5) DIRECTS the clerk to request waiver of service from (and if necessary, the United States Marshals Service to serve process on) Ms. Coros and Ms. Craft at Wexford of Indiana, LLC with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(6) ORDERS Wexford of Indiana, LLC to provide the United States Marshals Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant who does not waive service if it has such information;

(7) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Ms. Coros and Ms. Craft to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Borislav Cuckovic has been granted leave to proceed in this screening order.

SO ORDERED on April 21, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT