UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BORISLAV CUCKOVIC,<br><br>Plaintiff,<br><br>v.<br><br>MS. COROS and MS. CRAFT,<br><br>Defendants. | CAUSE NO. 3:20-CV-815-MGG |

OPINION AND ORDER

Borislav Cuckovic, a prisoner without a lawyer, is proceeding in this case on two claims. ECF 7. First, he is proceeding "against Ms. Coros in her individual capacity, for compensatory and punitive damages for failing to provide him constitutionally adequate dental care between August 15, 2019, and April 15, 2020[.]" *Id.* at 7. Second, he is proceeding "against Ms. Craft in her individual capacity, for compensatory and punitive damages for failing to provide him constitutionally adequate care during the February 20, 2020, sick call[.]" *Id.* The defendants filed a motion for summary judgment. ECF 60. Cuckovic filed a response, and the defendants filed a reply. ECF 71, 73. The summary judgment motion is now fully briefed and ripe for ruling.

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To be held liable for deliberate

indifference to an inmate's medical needs, a medical professional must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008).

Furthermore, a prisoner is not entitled to demand specific care, nor is he entitled to the "best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Where the defendants have provided some level of care for a prisoner's medical condition, in order to establish deliberate indifference the prisoner must show that "the defendants' responses to [his condition] were so plainly inappropriate as to permit the inference that the defendants intentionally or recklessly disregarded his needs." *Hayes v. Snyder*, 546 F.3d 516, 524 (7th Cir. 2008). A mere disagreement with medical professionals about the appropriate treatment does not amount to an Eighth Amendment violation. *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003).

I.         FACTS

In August 2019, Cuckovic began having issues with his tooth. ECF 60-1 at 19-20. He identifies tooth no. 5., the "top right tooth next to the canine towards the back," as the tooth which was causing him pain. *Id.* at 22. Cuckovic had issues with two other teeth during the relevant time frame, but he agrees the instant lawsuit concerns only tooth no. 5. *Id.* at 22, 51-53.

On August 15, 2019, Cuckovic submitted Request for Healthcare No. 118403, requesting to be seen by medical for an issue with tooth no. 5. ECF 60-1 at 19-20; ECF 60-2 at 2. On August 27, 2019, Ms. Coros responded to the healthcare request, advising

Cuckovic he had been added to the list to be seen by dental staff. ECF 60-1 at 20-22; ECF 60-2 at 2.[1]

On September 13, 2019, Cuckovic submitted a second healthcare request form, Request for Healthcare No. 152202, stating he had a pending visit to see dental staff for his tooth and asking to be seen for a second tooth that was also causing him pain. ECF 60-1 at 24-25; ECF 60-2 at 3. On September 30, 2019, Ms. Coros responded to this healthcare request, advising Cuckovic he was "already on the WCU list" to be seen by dental staff. *Id.*

On November 3, 2019, Cuckovic submitted a third healthcare request form, Request for Healthcare No. 118458, asserting he was now experiencing issues breathing through his nostrils at night and requesting to be seen by dental staff. ECF 60-1 at 27-29; ECF 60-2 at 7. On November 12, 2019, Cuckovic saw a nurse regarding his nasal issues. ECF 60-2 at 8-11.

On November 26, 2019, Cuckovic was seen by the facility's dentist, Dr. Pearcy. ECF 60-2 at 12. Dr. Pearcy examined Cuckovic's teeth and performed an amalgam restoration on tooth no. 5. *Id.*

On February 16, 2020, Cuckovic submitted a fourth healthcare request form, Request for Healthcare No. 308982, asserting he was still experiencing pain in his tooth and requesting to be seen by dental staff. ECF 60-1 at 38-39; ECF 60-2 at 13. On February

---

[1] The defendants assert Cuckovic did not know for certain Ms. Coros was the party responding to his healthcare requests. ECF 61 at 5-6. However, the defendants later concede Ms. Coros was the party responding to Cuckovic's healthcare requests. ECF 61 at 12; ECF 73 at 6. Thus, the court accepts as undisputed that Ms. Coros was the party responding to Cuckovic's healthcare requests.

20, 2020, he was seen by a nurse in response to this healthcare request. ECF 60-1 at 41; ECF 60-2 at 13. Cuckovic claims he was seen by Nurse Craft on this occasion, but the medical record indicates he was seen by Nurse Rhonda Adkins. ECF 60-1 at 42-43; ECF 60-2 at 14-15. At this visit, Cuckovic asserted the dentist had ground tooth no. 5 down but had not taken any x-ray, and that he was still experiencing tooth pain. *Id.* at 14. The nurse performed a physical examination of the tooth and found "no swelling or drainage." *Id.* at 15. The medical record does not indicate the nurse provided any treatment or medication during this visit. *Id.* Following this nurse's visit, Ms. Coros responded to Request for Healthcare No. 308982 by noting Cuckovic had been seen by a nurse and she was awaiting a response from the dentist. ECF 60-2 at 13.

On April 13, 2020, Cuckovic was seen by the facility's dentist, Dr. Pearcy, for a "patient requested exam." ECF 60-2 at 12. On July 28, 2020, Dr. Pearcy saw Cuckovic and performed another amalgam restoration on tooth no. 5. *Id.* In 2021, a dentist at a different prison pulled tooth no. 5, which resolved Cuckovic's pain. ECF 60-1 at 52; ECF 72 at 4. Because neither party disputes these facts, the court accepts them as undisputed.

## II. ANALYSIS

Ms. Coros and Nurse Craft argue summary judgment is warranted in their favor because their actions did not rise to the level of deliberate indifference. ECF 61 at 11-13. Each defendant will be addressed in turn.

### a. Ms. Coros

Cuckovic is proceeding against Ms. Coros "for failing to provide him constitutionally adequate dental care between August 15, 2019, and April 15, 2020[.]"

4

Ms. Coros argues she was not deliberately indifferent because her only involvement was to respond to Cuckovic's healthcare requests and there is no evidence she was responsible for any delay in scheduling him to receive care. ECF 61 at 11-12. In his response, Cuckovic argues Ms. Coros provided constitutionally inadequate care by unnecessarily delaying and prolonging his suffering. ECF 72 at 3, 6-7. Specifically, he asserts he notified Ms. Coros he was experiencing pain in numerous healthcare requests, but she unnecessarily prolonged his suffering and caused him harm by delaying in scheduling him for an appointment. *Id.*

Here, there is no evidence Ms. Coros was responsible for any delay in scheduling Cuckovic to receive dental care between August 15, 2019, and April 15, 2020. Specifically, the undisputed facts show: (1) Cuckovic first submitted a healthcare request regarding tooth no. 5 on August 15, 2019; (2) Ms. Coros responded to this request two weeks later by advising Cuckovic he had been added to the list to be seen by dental staff; (3) Cuckovic was seen by the facility's dentist on November 26, 2019, and had a filling replaced; (4) Cuckovic next submitted a healthcare request regarding tooth no. 5 on February 16, 2020; (5) Ms. Coros responded to this request four days later by noting he had been seen by a nurse and she was awaiting a response from the dentist; and (6) Cuckovic was seen by the dentist again on April 13, 2020. Thus, the undisputed evidence shows Ms. Coros timely responded to Cuckovic's healthcare requests by scheduling him to receive care. While Cuckovic had to wait over two months to see the dentist, there is no evidence Ms. Coros was responsible for this delay, as it is undisputed she responded to Cuckovic's healthcare request forms in a timely

5

manner. Based on the evidence in the record, no reasonable jury could conclude Ms. Coros was responsible for violating Cuckovic's Eighth Amendment rights. *See Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009) ("public employees are responsible for their own misdeeds but not for anyone else's."). Thus, summary judgment is warranted in favor of Ms. Coros on this claim.

    b. *Nurse Craft*

Cuckovic is proceeding against Nurse Craft "for failing to provide him constitutionally adequate care during the February 20, 2020, sick call[.]" Nurse Craft argues she was not deliberately indifferent for two reasons. First, she argues there is no evidence she was the nurse who treated Cuckovic during the February 20 sick call. ECF 61 at 12. Cuckovic responds he knows he was evaluated by Nurse Craft during the February 20 sick call because he knows what she looks like and was able to accurately describe her, and the medical records incorrectly list Nurse Adkins as the treating nurse. ECF 72 at 2, 7-8. Here, while the medical records list Nurse Adkins as the treating nurse during the February 20 sick call, the defendants do not provide any other evidence regarding who treated Cuckovic on this occasion, such as an affidavit from Nurse Craft or Nurse Adkins. Thus, a reasonable jury could conclude the medical records incorrectly list Nurse Adkins and that Cuckovic was in fact treated by Nurse Craft during the February 20 sick call.

Second, Nurse Craft argues that, even assuming she was the nurse who treated Cuckovic during the February 20 sick call, Cuckovic received constitutionally adequate care on this occasion because the medical records show his tooth had "no swelling or

6

drainage" and there is no evidence he was suffering from extreme pain. ECF 61 at 12-13. Cuckovic responds that Nurse Craft provided constitutionally inadequate care during the February 20 sick call because he told her he was experiencing pain and she refused to provide him any pain medication. ECF 72 at 4, 8-9. Here, the medical record for Cuckovic's February 20 sick call visit shows the nurse performed a physical examination of his tooth and found "no swelling or drainage." However, the fact that Cuckovic's tooth had "no swelling or drainage" does not demonstrate he was not experiencing pain.[2] The defendants offer no evidence refuting Cuckovic's assertion he informed Nurse Craft during the February 20 sick call that he was experiencing pain and she refused to provide him pain medication. Moreover, there is no evidence Nurse Craft made any note of Cuckovic's tooth pain in his medical record, advised him on managing his tooth pain, or referred his request for pain medication to a doctor. Based on the evidence in the record, a reasonable jury could credit Cuckovic's testimony and conclude Nurse Craft provided constitutionally inadequate care during the February 20 sick call. Thus, summary judgment must be denied on this claim.

For these reasons, the court:

(1) GRANTS the defendants' summary judgment motion (ECF 60) with respect to Cuckovic's claim against Ms. Coros;

(2) DISMISSES MS. Coros from this action;

---

[2] The defendants concede "[t]here is no reason to doubt that Plaintiff suffered pain related to his tooth." ECF 61 at 12.

(3) DENIES the defendants' summary judgment motion (ECF 60) with respect to Cuckovic's claim against Nurse Craft; and

(4) REMINDS the parties this case is now proceeding only on Cuckovic's remaining claim "against Nurse Craft in her individual capacity, for compensatory and punitive damages for failing to provide him constitutionally adequate care during the February 20, 2020, sick call."

SO ORDERED on January 13, 2023

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT