UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BORISLAV CUCKOVIC, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:20-CV-815-MGG |
| MS. CRAFT, | |
| Defendant. | |

OPINION AND ORDER

Borislav Cuckovic, a prisoner without a lawyer, is proceeding in this case against Nurse Reola Craft "in her individual capacity, for compensatory and punitive damages for failing to provide him constitutionally adequate care during the February 20, 2020, sick call[.]" ECF 7. Specifically, Cuckovic asserted in his complaint that Nurse Craft refused to provide him medication for tooth pain during a February 20, 2020, sick call visit. Nurse Craft filed an authorized second motion for summary judgment, arguing she was misidentified as the nurse who treated Cuckovic during the February 20 sick call. ECF 95. Cuckovic filed a motion in response, and Nurse Craft filed a reply. ECF 100, 102. The summary judgment motion is now fully briefed and ripe for ruling.

Nurse Craft provides evidence showing the following facts: Cuckovic's medical records indicate he was treated by Nurse Rhonda Adkins, not Nurse Craft, during the February 20 sick call. ECF 95-2. Nurse Craft attests she was not the provider who saw Cuckovic at the February 20 sick call, and was not involved in creating the medical record related to that visit. ECF 95-3 at 2-3. In fact, the software at the facility would

have made it impossible for her to have used Nurse Adkins' login information to chart or create medical records. *Id.* at 3. At his deposition, Cuckovic described the nurse who treated him at the February 20 sick call as a white woman with short hair, between 38 and 40 years' old, and only a "tiny bit shorter" than six feet tall. ECF 95-1 at 41-42. This description does not match Nurse Craft's characteristics, as she is a 69-year-old African American woman who is approximately 5 ft. 7 in. tall. ECF 95-3 at 3-4, 8-9.

In his response, Cuckovic concedes he incorrectly identified Nurse Craft as the nurse who treated him during the February 20 sick call. ECF 100 at 2. The court therefore accepts that as undisputed. Nevertheless, Cuckovic argues he should still be allowed to proceed to trial against Nurse Craft because she saw him regarding his tooth pain on other occasions. *Id.* at 1-3. But Cuckovic is proceeding against Nurse Craft only "for failing to provide him constitutionally adequate care during the February 20, 2020, sick call," and is not proceeding against Nurse Craft for failing to provide constitutionally adequate care on any other occasion. ECF 7; *see Speer v. Rand McNally & Co.*, 123 F.3d 658, 665 (7th Cir. 1997) (holding a party may not amend his complaint through his response to a summary judgment motion). Therefore, because the undisputed evidence shows Nurse Craft was not personally involved in providing Cuckovic constitutionally inadequate medical care during the February 20 sick call, summary judgment is warranted in her favor. *See Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based upon personal liability and predicated upon fault," and "[a]n individual cannot be held liable in a § 1983 action unless [s]he caused or participated in an alleged constitutional deprivation.").

For these reasons, the court:

(1) GRANTS Nurse Craft's motion for summary judgment (ECF 95);

(2) DENIES Cuckovic's motion opposing summary judgment (ECF 100); and

(3) DIRECTS the clerk to enter judgment in favor of Nurse Reola Craft and against Borislav Cuckovic and to close this action.

SO ORDERED on February 7, 2024

                                                    s/ Michael G. Gotsch, Sr.
                                                    Michael G. Gotsch, Sr.
                                                    United States Magistrate Judge